UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROWN KOON, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PINNACLE CREDIT SERVICES, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, BROWNE KOON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, PINNACLE CREDIT SERVICES, LLC ("PINNACLE"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and at least one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, resides in Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PINNACLE has an office at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

8. Upon information and belief, PINNACLE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. PINNACLE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers for whom Defendant failed to communicate to any person that a disputed VERIZON WIRELESS debt was disputed in violation of the FDCPA, 15 U.S.C. § 1692 *et seq.* as set forth herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(8); and 1692e(10) *et seq*.

b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to March 22, 2017, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("OBLIGATION") for which PINNACLE reported information to one or more national credit reporting agencies.

16. The OBLIGATION arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the OBLIGATION by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the OBLIGATION for business purposes.

19. The OBLIGATION is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. At some time prior to March 22, 2017, the OBLIGATION was placed with PINNACLE for the purpose of collection.

21. At the time the OBLIGATION was placed with PINNACLE for the purpose of collection, the balance was past due.

22. At the time the OBLIGATION was placed with PINNACLE for the purpose of collection, the obligation was in default.

23. Plaintiff caused to be delivered to Defendant a letter dated March 22, 2017, which were addressed to Defendant. **Exhibit A,** which is fully incorporated herein by reference.

24. The March 22, 2017 letter was sent to Defendant in connection with the collection of the OBLIGATION.

25. The March 22, 2017 letter sent to the Defendant stated in part:

> RE: BROWNE T. KOON
> Account No. XXXXXXXXX0001
> Original Creditor: 12 Verizon Wireless Cellco Partne

Please be advised that I dispute the above debt.

26. Defendant has failed to communicate that the OBLIGATION is disputed.

27. As of October 27, 2017, Defendant has failed to communicate to one or more national credit reporting agencies that the OBLIGATION is disputed.

## POLICIES AND PRACTICES COMPLAINED OF

28. PINNACLE's failure to report a disputed debt as such violates the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Failing to communicate that a disputed debt is disputed; and

   (c) Using a false representation or deceptive means to collect or attempt to collect a debt.

29. On information and belief, Defendant engaged in the practices described herein, to at least 30 natural persons within New Jersey within one year of this Complaint.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

30. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

31. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

32. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

33. By failing to communicate that the OBLIGATION was disputed to one or more of the credit reporting bureaus, Defendant engaged in a false, deceptive or misleading representation or means in connection with the collection of the debt.

34. Section 1692e(8) of the FDCPA prohibits a debt collector from failing to communicate to any person that a disputed debt is disputed.

35. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to any person that the OBLIGATION was disputed.

36. Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to one or more of the credit reporting bureaus that the OBLIGATION was disputed.

37. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38. By failing to communicate that the OBLIGATION was disputed as described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

39. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

40. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

41. Plaintiff and others similarly situated have a right to have the Defendant abide by its obligations under the FDCPA and those specifically found at 15 U.S.C. § 1692e(8).

42. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

43. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

44. Defendant's failure to act as described herein caused harm to the credit of Plaintiff and others similarly situated.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned attorney(s), as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 15, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

*BROWN T. KOON*



March 22, 2017

**VIA FACSIMILE ONLY to (866) 467-1091 - One Page**

Pinnacle Credit Services, LLC
55 Beattie Place
Suite 110, # 351
Greenville, SC  29601-5115

      RE:    BROWN T. KOON
                Account Number: ██████00001
                Original Creditor:  12 Verizon Wireless Cellco Partne

Dear Sir or Madam,

      Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

      Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

                            Very truly yours,

                            *Brown T. Koon*